## CONTRACTS EXPRESS AND IMPLIED.

Circuit Court of Cuyahoga County.

HUBERT J. TURNEY, ADMINISTRATOR, v. ROSE L. WOOLEY.

Decided, June, 1912.

*Implied Contract—Meeting of Minds Essential.*

The only difference between an express and an implied contract is as
   to the mode of proof, and it is as essential that there be a meeting
   of the minds of the contracting parties in one as in the other.

*Wing, Myler & Turney,* for plaintiff in error.
*S. Doerfler,* contra.

POLLOCK, J. (sitting in place of Winch, J.): NIMAN, J., con-
curs; MARVIN J., not sitting.

This is an action in error seeking to reverse the judgment of
the court of common pleas of this county.

The defendant in error, Rose L. Wooley, brought suit against
the plaintiff in error in the court below on an account which
was claimed to be due her from defendant's intestate. The peti-
tion was the short form of petition on an account, and the ac-
count consisted of one item, as follows:

"To board, room, washing, care, nursing and attention ren-
dered to Thomas C. Lavin, deceased, from July 19, 1904, to No-
vember 4, 1907, 171 weeks at $10 per week, $1,710.
"By cash received, $495. Balance due, $1,215."

The petition recited that the claim had been presented to de-
fendant, administrator, and rejected. To this petition the de-

fendant below filed an answer admitting his appointment as administrator,, admitting that the claim was presented and rejected, and denying each and every other allegation in the petition.

After the jury was impanneled, and before any testimony was offered, the defendant objected to the offering of any testimony on the ground that the action was brought on an account, as if the person were alive, under the short form, and claiming that to support such claim as the one sued on, it should be founded upon contract.

Whether this position was well taken or not need not be determined in this action, for the reason that the court below allowed the plaintiff to amend her petition, which she did, setting out the facts, and no further objection was made by the defendant.

At the close of plaintiff's testimony there was a motion made to direct a verdict, which was renewed at the close of all the testimony. These motions were overruled by the court. The overruling of these motions is urged as error, and included in the argument is the fact that the verdict is against the great weight of the testimony.

It is urged that when a stranger comes into the home of a husband and wife and there receives boarding and lodging, that the presumption is that the contract is made with the husband, and for that reason the plaintiff below, at least, could not recover for the board and lodging of defendant's intestate.

We are not disposed to deny this proposition of law, but equally true is the proposition that if there are facts which show that the contract was made, whether it be an express contract or an implied one, with the wife, that she would have a right to recover upon the contract for boarding and lodging. The testimony in this case shows, in short, the intestate was an uncle of this plaintiff below; that he came to the home of the husband and wife about the time stated in the petition and remained there about that time. Witnesses testify to the fact that he required a great amount of attention, took his meals frequently in his room. This is testified to by other witnesses than the husband. Then the husband is a witness and testifies that

Mrs. Wooley took care of him and as to the amount of care required by him. He also testifies to repeated conversations between his wife and the deceased in regard to paying her for what he was receiving in their home. This witness further testifies that when the deceased came to their home, his wife showed him over the house and arranged for the room that he occupied. In fact, the husband's testimony is all concerning the services of his wife and conversations that he heard between his wife and the deceased and which he had with the deceased in regard to the payment of his wife for his accommodation in their house.

We think that under the facts stated here it was a question of fact for the jury to determine whether or not this contract was made with the wife, and especially when the husband, the only other party who could recover for such services, is testifying in favor of his wife's claim.

The only other error complained of is in the charge of the court. The part complained of commences on page 55 of the record. The court said to the jury:

"In this case the plaintiff is suing upon an implied contract. An implied contract differs from an express contract merely in the proving of it. In general the difference between an express contract and an implied contract is the mode of proof. An implied contract is established by proof of circumstances showing that either in justice, honesty and good faith a contract ought to be implied, or that the parties intended to contract. Whether the contract is established by evidence direct or circumstantial, the consequences must be the same. The inference of an implied contract would then be practically a matter for the sound sense and judgment of you, gentlemen of the jury; however, to be guided in that respect by the instructions the court may give you.

"In other words, gentlemen, a contract is implied where one renders services to another and that other receives the benefit of the services, and the services are of such a character and are rendered under such circumstances that it may be fairly said that in justice and equity the services ought to be paid for. In such case the minds of the parties need not meet; for if the party for whom the services are rendered in justice and equity ought to pay for them, the law implies the contract that he should pay for them."

And further during the charge he repeats, in substance, this definition of the contract; and on page 56 he further says:

"If, however, on that proposition their minds did not meet, and the circumstances were such at the time that the plaintiff could not very well have turned this man out of her house or her husband's house, considering the character of their relationship and all the circumstances, and that she did not agree to take care of him and furnish him lodging and shelter for $3 a week, but that he remained there, then, if you find that in justice and equity and good faith he ought to pay; or the estate ought to pay, a fair value for the services rendered, you will find there was an implied contract that they should be paid for."

In short, the court says to the jury that this being an implied contract, that even if the jury find that the minds of the parties never met to make a contract, yet if in justice, honesty and good faith a contract ought to be implied, the plaintiff would have a right to recover. Is this a correct definition of an implied contract?

When the court told the jury that there was no difference between an implied contract and an express contract, except in the mode of proof, he was stating a correct legal proposition. An express contract is one that is proven by the express words of the parties; an implied contract differs from an express contract only in proof of such facts and circumstances surrounding the parties that make it reasonably certain that a contract existed between the parties.

Now under the charge of the court the jury might have found that whatever services and boarding and lodging the plaintiff did furnish the deceased, she did it gratuitously, without any intention whatever of charging therefor, and that it was accepted as such and without any intention of paying for it by the deceased, and yet, if they found that either in justice, honesty or good faith he should have paid therefor, they would have been required to return a verdict for the plaintiff They might have found, and in fact the court said in so many words, that they could find, that although the minds of the parties to this contract never met, yet they could return a verdict in favor of the plaintiff.

"The meeting of the minds of the parties upon its terms is necessary to the making of a contract; and this is so whether it be an express contract or an implied one, if, in the latter case, the contract to be proved is an actual one as distinguished from a constructive contract." *Ry. Co.* v. *Gaffney,* 65 O. S., 104.

In the opinion in this case, on page 116, they quote from Swan, and this treatise uses practically the same language as the learned trial court in this case used in its charge, and criticize it.

Further on, on the same page, they quote from *Abbott's Trial Evidence,* with approval, and in the quotation from that work say:

"Second. Circumstances justifying the inference that plaintiff in rendering the services, expected to be paid, and defendant supposed, or had reason to suppose and ought to have supposed that he was expected to pay, and still allowed him to go on in the services without doing anything to disabuse him of this expectation."

It seems clear from the holding of the Supreme Court in this case that the charge of the court was clearly erroneous and prejudicial to the defendant below, and for this reason the case will have to be reversed and remanded for a new trial.

We regret very much to be compelled to arrive at this conclusion. The services rendered by the plaintiff below were such, and rendered under such circumstances, that it seems at least in good faith she ought to be paid. But whether or not the facts proven are sufficient to show a contract to that effect, is a question that we feel should be passed upon by a jury under proper instructions from the court.